Next on the docket, People v. Gary Smith. Is that right? Yes, Your Honor. Are you here by yourself? I am. Okay, good luck. Again. Again. Thank you, Gary. My name is Timothy James T., and I represent the people of the state of Illinois. Your Honors, I see you in my office in the House of Auditors, as I mentioned, as a way for oral argument. However, she makes two points in the applied brief that I want to respond to. The first point she makes is that the defendant's pro se post-conviction letter should have been viewed by the trial court as a motion to reconsider because the rule of law is that the trial court should liberally construe pro se documents. And the second point she makes on her applied brief is that the trial court had jurisdiction to rule on that. Now, first and foremost, as the defendant's first point, the state admits that the trial court should liberally construe pro se documents. What the defendant failed to acknowledge here is that even under the most liberal construction that a trial court can afford, that does not give the trial court magical license to transform a document into something it simply is not. The defendant's own words in this letter, as you can find in page 304 of the record, are telling. The defendant states, and I quote, I'm writing this letter to you to ensure my appeal gets filed. End quote. That statement by the defendant in his own letter clearly manifests his intent as to what he was wanting his letter to be perceived by the trial court. Moreover, the defendant even concedes on page 5 of his initial brief and page 1 of his applied brief that the defendant never mentions any part of the sentence which he wants the trial court to reconsider. Given the fact the defendant intends to have the trial court know that he wants his appeal filed and he never mentions in his letter that he wants his sentence reconsidered by the trial court, that in and of itself shows clearly that the defendant's pro se document was properly disregarded as merely correspondence by the defendant. Now, the defendant in his applied brief states that. Sure, the defendant doesn't state the particular aspect of which he wants his sentence to be reviewed by the trial court, but the defendant does mention the sentence. He does mention his sentence within the letter. That in and of itself is not enough. The fact the defendant mentions his sentence is truly supplemental and almost minuscule comparatively to the entire intent of the letter. Most of the letter is focused – simply reading it will show – most of it is focused on the emphatic emphasis of the defendant to state anyone that was involved in his case was a co-conspirator to work against him. The state's attorney, the public defender, even the Belleville news media was apparently working against him in his own words to convince him. Because the defendant mentions his sentence does not mean that the trial court should have gone through every possible means to construct it as a motion to reconsider. Simply put, the defendant's own words state his intent. That in and of itself should give the trial court a proper ruling. The second point the defendant makes is that he – He does say, I want to make sure my appeal gets filed because I'm so unhappy with the job my public defender did at sentencing. No, he does not. He doesn't pretty much say that? He does not say that. He says I'm writing to ensure my appeal gets filed. That's what he says. Those are his exact words. And he goes through an entire litany of trust issues that he had, the state's attorney, public defender, and the Belleville news media. He does not focus on his sentencing but rather the entirety of his conviction, the charge against him and everything else. He talks about his attorney didn't call witnesses at sentencing that were there, didn't give them a chance to speak, and didn't bring up other evidence. Absolutely. He does that at both the trial level and at the sentencing level that he attacks his attorney, not just at sentencing. Again, if this is to be considered a motion to reconsider, then the defendant should be focusing on his sentencing. He's focusing on the entirety of his charge from the initial point when he was accused of this crime to his conviction. This is not a motion to reconsider merely because he states his sentence, Your Honor. And moreover, even if it was, even if this letter was considered to be a motion to reconsider, the trial court was divested of jurisdiction to rule substantively upon the matter. As it is well settled, when a notice of appeal is filed, the appellate court's jurisdiction attaches instant term, and the cause is beyond the jurisdiction of the trial court. And I cite in my brief a particular rule of law that emphasizes why the defendant's motion, even if it was considered a motion, would not give the trial court jurisdiction to make a substantive ruling. Illinois Supreme Court Rule of Law 606, and I quote, when a timely post-trial, post-sentencing motion directed against the judgment has been filed by counsel or by defendant if not represented by counsel, then the notice of appeal should not be considered as binding. Here, the defendant was represented by counsel, as you can find on pages 293 and 300 of the record. Because he was represented by counsel, his letter, even if it was a motion to reconsider, did not somehow give the trial court jurisdiction. Rather, the trial court was divested of jurisdiction at the moment that the notice of appeal was filed. And the notice of appeal was filed on July 30, 2009, as you can find on pages 292 to 296 of the record. The defendant's letter was not filed until August 25, almost 30 days thereafter, as you can find on 304 of the record. Clearly, the defendant had no jurisdiction within the trial court to make a letter to the trial court for rule of law because he was represented by counsel and his notice of appeal had already been filed. Because of these reasons, the defendant's trial court's ruling should be affirmed by this honorable court. Your Honor, do you have any questions, please? Thank you, counsel. Thank you, Your Honor.